IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, | C. A. No. 2:07-1700-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Stan Burtt, Adrian Martell, R. Reeves, Robert Ward, Fred Thompson, Thierry Nettles, Tim B. Roof, Gilbert Emrhein, NFN Williams, J. Powell, and Yvette Blowe, | |
| Defendants. | |

This civil rights case brought pursuant to 42 U.S.C. §1983 by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

The plaintiff, Thurman Van Lilly, filed his original complaint on June 19, 2007, on behalf of himself and 569 other putative plaintiffs generally complaining of conditions of confinement[1] with a request for class certification. By order filed July 6, 2007, District Judge Joseph F. Anderson, Jr. denied the request for class certification and required each named

---

[1] The alleged violations include (1) summary punishment of prisoners without due process; (2) denial to prisoners of equal protection of the law; (3) denial of access to the courts; (4) denial of due process in disciplinary and administrative proceedings; (5) cruel and unusual punishment; (6) inadequate medical care; and (7) violations of South Carolina law and South Carolina Department of Corrections policies and procedures.

plaintiff to file separate actions. Lilly was allowed to proceed alone in prosecuting the original complaint.

Next, by order filed July 17, 2007, the undersigned United States Magistrate Judge ordered Lilly to file within twenty (20) days an amended complaint to state "the specific facts of how the alleged prison conditions and violation of federal rights by each defendant has personally affected or injured the plaintiff." Lilly did not comply with the order.

Instead, Lilly a filed a motion to stay the action as well as a notice of an interlocutory appeal of Judge Anderson's order and requested an en banc determination by the Fourth Circuit Court of Appeals this request was denied on August 28, 2007.

On September 12, 2007, Lilly filed a motion to alter or amend judgement seeking a determination that the matter should proceed as a class action because it is not controlled by the Prison Litigation Reform Act (PLRA), as well as a declaration that the exhaustion requirement of the PLRA, 42 U.S.C. §1997a(e), is unconstitutional.

Judge Anderson ruled that Lilly's motion to stay was moot and ordered Lilly to bring the case into proper form and to comply with the Magistrate Judge's order of July 17, 2007. Judge Anderson warned that "If the plaintiff does not bring his case into proper form by December 1, 2007 this action will be dismissed."

On December 5, 2007, Lilly filed an amended complaint in

which he simply incorporated by reference substantial portions of his original complaint generally alleging that a myriad of conditions of confinement at Lee and Lieber Correctional Institutions are unconstitutional. In violation of the order, he has not pled any specific facts or alleged any injury or harm to himself by any particular person acting under color of state law. His allegations are all general and conclusory. He identifies no specific events or occurrences where he was harmed by the conditions of which he complains.

On July 9, 2008, the defendants filed a motion for summary judgment with sworn affidavits seeking judgment as a matter of law because, among other reasons, Lilly failed to meet the threshold requirement that he exhaust his complaints through the prison grievance system as required by 42 U.S.C. § 1997a(e) prior to bringing an action in federal court. On July 25, 2008, Lilly was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Thereafter Lilly sought additional time in which to respond to the defendants' motion. That motion was granted and the deadline was extended to November 28, 2008. Lilly did not comply with the order so on December 2, 2008, he was given ten (10) days to oppose the summary judgment motion or have his case dismissed for failure to prosecute.

Lilly responded to the "ten day order" with three motions. Lilly filed a motion "to convene a three judge court" to review the constitutionality of the exhaustion requirement of the PLRA, 42 U.S.C. § 1997a(e). He also filed a motion to amend his complaint to add fourteen (14) new defendants[2] and have the defendants "certified as representatives of a class within the meaning of Rule 26, Federal Rules of Civil Procedure". Lastly, Lilly filed an opposition to the summary judgment motion in which he argues that the court cannot review the defendants' summary judgment motion until the aforementioned two motions are decided. Therefore, it appears consideration of the matter is appropriate.

## DISCUSSION

A review of the record and relevant case law indicates that this matter should be dismissed with prejudice and counted as a "strike" under the PLRA.

Lilly has brought numerous cases before this court since 1988. The Clerk's records reveal that he has brought the following cases pro se and in forma pauperis. See, Aloe Creme

---

[2] The complaint presently has twelve (12) defendants all of whom are employed by the South Carolina Department of Corrections. With the exception of Jon Ozmint, the Director of SCDC, the defendants are employed at Leiber Correctional Institution where Lilly was housed at the commencement of the litigation. Lilly was subsequently transferred to Lee Correctional Institution. By the proposed amendment Lilly seeks to add persons employed at Lee Correctional Institution and to incorporate the same nonspecific shotgun complaints contained in his present complaint. He also seeks to substitute "defendant South Carolina Board of Corrections for the South Carolina Sentencing Guidelines Commission." The South Carolina Board of Corrections is not a named defendant.

Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records).

| C/A No. Type | Judge Magistrate | Date Opened/Closed/ | Status |
|---|---|---|---|
| 2:08-0266 555 | JFAnderson Carr | 1/08 | pending |
| 2:07-1700 555 | JF.Anderson Carr | 6/07 | pending |
| 2:07-999 2254 | JF Anderson Carr | 4/07 -3/08 | (appeal dismissed) |
| 2:06-1138 550 | JF Anderson Carr | 4/06 – 1/08 | (notice of appeal pending) |
| 2:03-2526 555 | JF Anderson Carr | 8/03 - 3/05 | (aff'd on appeal) |
| 3:88-3452 540 | JF Anderson Carr | | no date records available in ICMS |
| 2:88-2717 550 | JF Anderson Carr | | no date records available in ICMS |

Lilly has not prevailed in any litigation in which a judgment was entered and for which records are available. All cases have protracted litigation histories and all civil rights cases have numerous defendants.

In the instant case, Lilly repeatedly has failed to obey court orders, most recently by refusing to address the defendants' motion for summary judgment on the merits, but instead filed a motion "to convene a three judge court" to review the constitutionality of 42 U.S.C. § 1997a(e). He also filed a motion to amend his complaint to add fourteen (14) new defendants and have the defendants "certified as representatives" of a class of defendants.

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and

this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b). In this case, Lilly has failed to respond to specific directives from the court.

This action meets all of the criteria for dismissal under <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 929 (4th Cir. 1982).[3] The action has been pending for over a year and one half with no clarification of the claims. <u>Pro</u> <u>se</u> litigants are entitled to some deference from courts. <u>See</u>, <u>e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.

Therefore it appears that this action should be dismissed with prejudice for failure to follow the directions of the court. <u>See</u>, <u>Davis</u>, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert. denied sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990) (Magistrate Judge's prior explicit

---

[3] Lilly is personally responsible for proceeding in a dilatory fashion, Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff refused to properly respond to orders of the Court, and no sanctions other than dismissal appear adequate to secure compliance. The Plaintiff is indigent (and therefore not subject to monetary sanctions); he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. <u>Lopez</u>, 669 F.2d at 920, and he offers no excuse other than his insistence on litigating his way.

warning that a recommendation of dismissal would result from plaintiff failing to obey his order requiring the prisoner to clarify charges against the defendants was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

## CONCLUSION

Accordingly for the aforementioned reason, it is recommended that the action be dismissed and all motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 5, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).