IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, ) | C/A No.: 2:07-1700-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| Jon Ozmint; Stan Burtt; Adrian Martell; ) | |
| R. Reeves; Robert Ward; Fred Thompson; ) | |
| Thierry Nettles; Tim B. Roof; Gilbert Emrhein; ) | |
| NFN Williams; J. Powell; and Yvette Blowe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Thurman V. Lilly, is an inmate incarcerated at the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 on June 16, 2007, purporting to represent a class of inmates exceeding 550 putative plaintiffs incarcerated at the SCDC. In his complaint, the plaintiff raises numerous constitutional challenges to the conditions of confinement at the Lieber state correctional facility where the violations are alleged to have occurred.[1] The plaintiff seeks declaratory and injunctive relief, but not monetary damages.

Specifically, plaintiff challenges his conditions of confinement relating to access to the courts, recreation, exercise, food, cell locks, double and triple-celling, overcrowding, canteen items and costs, tobacco use, medical care, mental health care, dental care, disciplinary matters, use of "lock-up" units, religious exercise, use of pink jumpsuits, and property and

---

[1] The plaintiff is now incarcerated at the Lee Correctional Institution of the SCDC.

1

person searches.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the matter with prejudice and count the action as a "strike" under the PLRA.  The defendants contend that the plaintiff has failed to exhaust his remedies and that summary judgment should be granted in their favor.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 13, 2009.  The plaintiff timely filed a 12-page objection memorandum.  The court has reviewed the specific objections as they relate to the Magistrate's recommendation of dismissal and finds them to be without merit.

## BACKGROUND

After the plaintiff filed the action and this court denied the request for a 500+ member inmate class, the case proceeded as one by the plaintiff, individually, seeking to challenge the conditions of his confinement.  The remaining named plaintiffs were severed from this case and assigned separate civil action numbers.

The plaintiff was then directed to file an amended complaint stating the specific facts of how the alleged prison conditions and violation of federal rights by each defendant has

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

personally affected or injured the plaintiff. However, he did not comply with the Magistrate Judge's order. Instead, the plaintiff filed a notice of interlocutory appeal with the Fourth Circuit Court of Appeals. He also filed a motion to stay this action which this court denied. Two months after the interlocutory appeal was filed, the plaintiff then filed before this court a Rule 59 motion to alter or amend the judgment which this court denied.

The plaintiff, after unsuccessfully petitioning the Fourth Circuit to file an interlocutory appeal, then moved for an order from this court to certify its denial of class certification for interlocutory appeal pursuant to 28 U.S.C. § 1292. Such motion was denied by this court on January 23, 2008.

On December 5, 2007, the plaintiff filed a four-page form amended complaint which essentially refers to and reiterates the allegations of the original complaint. He adds that the alleged incidents occurred between January 1, 2004 and June 30, 2007. He also contends that he was being retaliated against by the defendants and was placed on lock-up without due process and that his legal materials in his other cases pending before this court were confiscated.

The court then granted plaintiff's motion to proceed in forma pauperis and directed service of process on the defendants. The defendants were granted extensions of time to answer the amended complaint and to file a dispositive motion.

Before the Magistrate Judge, the defendants moved for summary judgment contending, among other things, that the plaintiff has failed to meet the threshold requirement that he first exhaust his administrative remedies by pursuing his rights under the Prison Grievance System

as required by 42 U.S.C. § 1997e.

In accordance with established procedure in this district, the plaintiff was given a copy of the motion and was given an explanation of the dismissal and summary judgment procedures as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Plaintiff then sought additional time within which to respond to the motion, a request that was granted by the Magistrate Judge. The deadline was extended to November 28, 2008. When no opposition to the motion had been filed by that date, the Magistrate Judge entered another order, on December 2, 2008, giving the plaintiff ten additional days to oppose the summary judgment motion, with a warning that the action may be dismissed if he failed to file a response.

The plaintiff responded within the ten-day period simply suggesting that the court cannot review the summary judgment motion until the court has ruled upon plaintiff's first two motions. The first two motions were: (1) a motion to convene a three-judge court to review the constitutionality of the exhaustion requirement; and (2) a motion to amend the complaint to add fourteen new defendants and have the defendants "certified as representatives of a class within the meaning of Fed. R. Civ. P. 26." The defendants responded in opposition to both motions.

### THE PLAINTIFF'S MOTION TO CONVENE A THREE-JUDGE COURT

As the Magistrate Judge noted, this is not a case challenging the constitutionality of the apportionment of a congressional district. See § 2284(a). This removes one avenue from

4

consideration. Plaintiff points to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the statute requiring notice to the Attorney General of the Unites States when the constitutionality of an Act of Congress is questioned, see 28 U.S.C. § 2402, but neither of these statutes have anything to say regarding the impanelment of a three-judge court.

Plaintiff's remaining refuge is in the statute mapping remedies with respect to prison conditions, see 18 U.S.C. § 3626, but that statute is not applicable either. The section requires a party seeking an order releasing him from prison to file a request for a three-judge court and include with that request materials sufficient to demonstrate that release from prison is necessary to correct the violation of the party's federal rights. Id. Allegations of trumped-up disciplinary charges and withholding of personal effects are not in this ballpark. This statute instead covers what seems to be the subject matter of Plaintiff's other pending litigation in federal court, which explains why Plaintiff's first mention of a three-member court references the other lawsuit.

Similarly, a constitutional challenge to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. 1997e, does not cut the mustard for a three-member court. The judge to whom the request for a three-member court is made possesses discretion to determine whether three judges are required, 28 U.S.C.A. § 2284(b)(1) (West 2006), and in this case, three judges are not. Under 18 U.S.C. § 3626, the three-judge statute Plaintiff points the court to, there are hoops to jump through before a prisoner can be released. These include (1) a previous issuance by the court of an order that has failed to remedy the deprivation of the federal right, § 3626(a)(3)(A)(I); (2) the defendant's enjoyment of a reasonable amount

of time to comply with the court's order, § 3626 (a)(3)(A)(ii); and (3) a finding by the court that prison crowding is the primary cause of the violation of the federal right, § 3626(a)(3)(E)(I). A challenge to the PLRA is not going in this direction.

### THE PLAINTIFF'S MOTION TO AMEND THE AMENDED COMPLAINT

As to plaintiff's motion to amend his amended complaint to add new defendants and certify a class, the court finds that to do so at this point in the litigation would be prejudicial to the defendants. In addition, the plaintiff has not shown "good cause" for this court to allow him to amend his complaint so late in the process of this case. Under Fed. R. Civ. P. 15(a), leave to amend a complaint should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 391 (4th Cir. 2008).

As the defendants note in their response opposing the motion to amend, the plaintiff's original complaint raised allegations of conditions of confinement at Lieber Correctional Institution where the plaintiff was being housed when he filed the complaint. The plaintiff is now incarcerated at Lee Correctional Institution and the proposed new defendants are all employees working at Lee Correctional, not Lieber. Additionally, the proposed new challenges to conditions of confinement relate to Lee, not Lieber.

As the court finds herein that plaintiff has not exhausted his administrative remedies with regard to his original complaint, and since the plaintiff was not even housed at Lee until after this action was filed, such subsequent proposed amendments are likely subject to

6

dismissal for non-exhaustion as well. Accordingly, plaintiff's motion to amend is denied.

In addition, the time to amend the complaint to add new defendants and certify a class of defendants has long since passed in this case. This leaves us with the defendant's third motion, which is a simple opposition to summary judgment suggesting that the court should not proceed to hear the motion because of the pendency of the other two motions.

The court has thus rejected the plaintiff's first two motions, and therefore, the plaintiff has failed to provide any meaningful opposition to the motion for summary judgment. In short, he has not given any reason why exhaustion should not be required in this case.

### THE PLRA AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendants have pleaded the affirmative defense of plaintiff's failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis. The defendants have presented the sworn affidavit of Mary Coleman, the Branch Chief for the Inmate Grievance Branch. A review of the plaintiff's filed grievances (attached to the Affidavit) show that the plaintiff's grievances do not address any claims or conditions specifically raised in plaintiff's amended complaint. The defendants note that the other grievances which have been submitted were not filed until *after* this lawsuit was filed.

In his objections to the Report, the plaintiff addresses the Magistrate's suggestion of dismissal as a sanction. The plaintiff's only reference to the threshold exhaustion issue is his statement that "requesting a three-judge court to specially review 42 U.S.C. § 1997e, its application to SCDC, and the federal courts view of its application to prisoners of SCDC is not for any purpose of delay, but to the contrary, it is to finally resolve the exhaustion issues

concerning SCDC's grievance policy." However, as noted previously and denied by this court, review by a three-judge panel has not been required in this case under any of these circumstances and there is no legal basis for the appointment of such a panel.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

The PLRA requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings. *Woodford v. Ngo*, 548 U.S. 81, 84-86, (2006); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001); *Moore v. Bennette*, 517 F.3d 717 (4th Cir. 2008).

The PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. *See Jones v. Bock*, 549 U.S. 199 (2007); *Anderson v. XYZ Correctional Health Serv.*, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust.

In order to exhaust the SCDC administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied

with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official has sixty (60) days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983. 42 U.S.C. § 1997e.

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*. Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

The undersigned finds that plaintiff has failed to exhaust his administrative remedies with regards to the claims raised in this action. The plaintiff has failed to present any evidence in that contradicts the sworn affidavit of the defendants in support of their motion for summary judgment. Further, the plaintiff's contentions that the PLRA exhaustion provision is unconstitutional is without merit. Consequently, the plaintiff's claims in this action should be dismissed.

STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed.R.Civ.P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and *Celotex v. Catrett*, 477 U.S. 317 (1986).

THE MAGISTRATE JUDGE'S REPORT

In his Report, the Magistrate Judge suggests that this matter should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and counted as a "strike" under the PLRA. He notes that the plaintiff has unsuccessfully filed numerous cases in this court, all of which have protracted litigation histories and a pattern of failure to obey direct court orders.

The Magistrate Judge also opines that this action meets all of the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). As the Fourth Circuit

10

has noted, dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). In reviewing such a dismissal, a court must ascertain: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. *Davis* at 70; *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

CONCLUSION

After carefully reviewing the record in this case, the applicable law, the Report and Recommendation, and plaintiff's objections thereto, the court declines to follow the Magistrate Judge's suggestion that this case be dismissed with prejudice and counted as a strike.[3] This court has considered the Magistrate Judge's careful review and judicial notice of the plaintiff's dilatory responses to court orders in this case and repeated failures to obey court orders in other cases. However, the undersigned declines to dismiss the action on that basis.

Instead, the court grant defendants' motion for summary judgment and the remaining pending motions are disposed of as noted previously in this order. All other aspects of the Report are incorporated herein. This action is dismissed without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 10, 2009                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[3] In light of the decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006) (dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition as a "strike" is not appropriate in this action.

11